IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PEGGYLEE MARTINEZ,

    Plaintiff,

v.                                                                                CIV 15-00653 MV/JHR

BOARD OF COUNTY COMMISSIONERS,
COUNTY OF BERNALILLO,
Department of Public Works
Operations and Maintenance,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Costs and Application for Attorney's Fees and Expenses (Doc. 50) (the "Motion"). The Court has reviewed the Motion, the exhibits attached to Plaintiff's Motion, Defendant's Objections to Plaintiff's Motion for Costs and Application for Attorney's Fees and Expenses (Doc. 51) and the exhibits attached thereto, and Plaintiff's Reply to Defendant's Objections to Plaintiff's Motion for Costs and Application for Attorney's Fees and Expenses (Doc. 52). Having thoroughly reviewed the parties' submissions, attachments, and the relevant law, the Court concludes that the Motion should be granted in part and denied in part. The Court will enter an award of attorney's fees, expenses, and costs, but will reduce the requested amount, as described herein.

## PROCEDURAL HISTORY

On July 27, 2015, Plaintiff filed her Complaint in this case for gender discrimination, hostile work environment, and retaliation under Title VII, violations of the Fourteenth Amendment's guarantee of equal protection under 42 U.S.C. § 1983, violations of the New Mexico Whistleblowers' Protection Act, and violations of the Fair Labor Standards Act. (Doc.

1). The named Defendants filed their Answer to the Complaint on September 23, 2015, and made a jury demand. (Doc. 8; Doc. 9). A scheduling order was entered in the case on November 30, 2015. (Doc. 15). Between November 2015 and October 2016, the parties engaged in discovery, and a settlement conference was set and reset three times. *See* Docs. 17, 18-20, 22-23, 26, 28-29, 31, 32-33, 36, 43, 46. No motions were filed throughout the case. On November 9, 2016, Plaintiff filed her Notice of Acceptance of Offer of Judgment. (Doc. 47). The Offer of Judgment provided that Defendant Board of County Commissioners of the County of Bernalillo would "take judgment against it in the amount of Ten Thousand and One Dollars ($10,001.00), plus Plaintiff's reasonable and allowable costs and attorneys' fees accrued to the date of [the] Offer of Judgment, to be determined by the Court." (Doc. 47-1 at 1). The individual defendants were dismissed by stipulation, and on January 23, 2017, District Judge Martha Vazquez entered judgment as specified in the Offer of Judgment. (Doc. 48; Doc. 49).

On January 26, 2017, Plaintiff filed her Motion for Costs and Application for Attorney's Fees and Expenses. (Doc. 50). This Motion was referred to Magistrate Judge William P. Lynch[1] pursuant to 28 U.S.C. Sections 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure. (Doc. 54). In her motion, Plaintiff sought $33,540.00 in attorney's fees, $2,074.00 in paralegal fees, and $2,376.76 in costs or expenses. (Doc. 50-1 at 2; Doc. 50-2 at 4). For costs, Plaintiff included $1,730.09 for "Paul Baca Reporters – Pacheco, Raught, Mitchell, Marquez and Martinez Depositions" and 256 photocopies at $0.20 per page for those deposition exhibits (Doc. 50-1 at 1). Defendant Board of County Commissioners filed its Objections to Plaintiff's Motion for Costs and Application for Attorney's Fees and Expenses on February 10, 2017. (Doc. 51). Defendant Board of County Commissioners of the County of Bernalillo ("Defendant") objected

---

[1] Magistrate Judge Jerry H. Ritter succeeded Magistrate Judge William P. Lynch, and therefore this Motion was referred to Judge Ritter in place of Judge Lynch.

to the inclusion of the cost of the deposition transcripts per D.N.M. LR-CIV 54.2(b) and Plaintiff's rate of $0.20 per page for photocopies as well as the number of photocopies that were made for the deposition exhibits. (Doc. 51 at 1-2). Defendant also objected to Plaintiff's entries for paralegal work that it deemed "clerical" and to certain time entries for attorney's work it deemed excessively long. (Doc. 51 at 2-3). Plaintiff filed her reply on February 15, 2017. (Doc. 52). Plaintiff argued that the deposition transcripts were "reasonably necessary to the litigation" per D.N.M. LR-CIV 54.2(b)(2)(C). (Doc. 52 at 2). She did not address Defendant's arguments regarding her photocopy rate. Plaintiff also countered that the paralegal and attorney's fees were not clerical and not excessive. *Id.* at 2-3.

## ANALYSIS

### I.     Plaintiff's attorney's fees specified in the Application are reasonable.

The parties here, as part of the Offer of Judgment, have stipulated to an award of Plaintiff's reasonable attorney's fees. (Doc. 47-1). Therefore, the Court need only determine whether the amount of attorney's fees provided for in Plaintiff's application for attorney's fees are reasonable. To determine whether an attorney's fee is reasonable, courts generally use the "lodestar rate," which is the "product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) and *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997)). The calculation allows the court to have an objective basis to estimate the value of an attorney's services. *Hensley*, 461 U.S. at 433. The party seeking an attorney's fee award should submit evidence documenting the hours the attorney expended on her case and her hourly rate. *Id.* The Court may then adjust the lodestar amount according to the particularities of the case and its outcome, and the adequacy of the fee applicant's records. *Phelps v. Hamilton*,

120 F.3d at 1131; *see also*, *Hensley*, 461 U.S. at 433 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."). Records must detail all hours for which the attorney seeks compensation and explain how the attorney allotted those hours to specific tasks. *Robinson*, 160 F.3d at 1281. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary…." *Hensley*, 461 U.S. at 434.

Defendant does not dispute Plaintiff's requested reasonable hourly rate of $300 per hour. (Doc. 51). In addition, Plaintiff has submitted two affidavits in support of her application from other experienced civil rights defense attorneys who attest that $325.00 per hour is a reasonable rate for a complex civil rights case. (Doc. 50-3 at 2; Doc. 50-4 at 2). Therefore the Court will adopt Plaintiff's hourly rate of $300 per hour as reasonable.

Defendant argues that Plaintiff's entries for reviewing and summarizing depositions is excessive. (Doc. 51 at 4). Specifically, Defendant calculates that the amount of time to take all of the depositions in this case totaled 12 hours, but disapproves of Plaintiff's counsel's expenditure of 10 hours to review and summarize those depositions, along with 6.3 hours Plaintiff's counsel spent in part reviewing depositions in preparation for drafting a settlement letter. *Id.* From Plaintiff's records, it appears that Plaintiff's counsel spent 3.2 hours reviewing and summarizing his client's deposition and 6.8 hours summarizing the remaining four depositions. (Doc. 50-2 at 4). Plaintiff explains that counsel makes "copious notes of actual and emergent legal issues researches relevant case law on those legal issues, and culls out supplemental facts to be used in responding to a motion for summary judgment" when reviewing and summarizing depositions. (Doc. 52 at 2). While Plaintiff's counsel could have been more specific in this time entry to include the additional tasks he claims to encompass summarizing deposition transcripts, ten

4

hours to complete these tasks does not appear to be excessive. This objection being the only one raised by Defendant as to the reasonableness of Plaintiff's attorney's fees, the parties having agreed to reasonable attorney's fees themselves rather than by any fee-shifting scheme, and the Court seeing no other issues with Plaintiff's counsel's records for her attorney's fees, Plaintiff's application for attorney's fees in the amount of $33,540.00 is granted.

## II. Plaintiff's application for fees for paralegal work will be reduced.

Defendant argues that Plaintiff's paralegal fees are excessive, because certain itemized entries are considered secretarial or clerical. (Doc. 51 at 2-3). The Supreme Court has noted that an award of attorney's fees at a lower rate is allowable for tasks performed by a paralegal that might have otherwise been performed by an attorney, such as "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n. 10 (1989). However, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Id.*

This court as well as other district courts within the Tenth Circuit have found that tasks performed by paralegals such as "filing, organizing files, making copies, printing, ordering file folders, organizing boxes, updating files with correspondence and pleadings, and preparing files for storage" are not recoverable. *Hayes v. I.C. Sys., Inc.*, No. 2:14-CV-2513-JTM-KGG, 2015 WL 506192, at *4 (D. Kan. Feb. 6, 2015); *see also*, *Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*, 122 F. Supp. 3d 1114, 1149 (D.N.M. 2015) (Browning, J.) (noting in dicta that tasks such as printing court documents or distributing documents around an office are clerical in nature); *In re Potter*, No. 7-05-14071 MS, 2007 WL 1672142, at *5 (Bankr. D.N.M. June 4, 2007) (finding,

for example, that that reviewing pleadings, conferencing with a paralegal, and scanning documents were clerical or secretarial tasks and not recoverable); *Erickson v. City of Topeka, Kansas*, 239 F. Supp. 2d 1202, 1208 (D. Kan. 2002) (finding that the task of "reviewing and organizing latest correspondence or pleadings" is not recoverable).

In Plaintiff's case, there are several entries that include descriptions that resemble the clerical work contemplated by these courts, such as:

- Proofreading a complaint and preparing, scanning, and filing documents on July 27, 2015 for 2.5 hours,

- Calendaring dates on November 30, 2015 for 0.2 hours, drafting a table, bates stamp, scanning and working on client's file on December 1, 2015 for 4.7 hours,

- Drafting a table, scanning, bates stamping, and preparing documents for service on January 21, 2016 for 3.8 hours,

- Scanning and sending releases to defendant with email on May 11, 2016 for 0.2 hours,

- Preparing discovery for service, bates stamping and filing "COS" on March 21, 2016 for 2.9 hours,

- Scheduling Doc. 31 on July 11, 2016 for 0.1 hours,

- Preparing files and working on exhibits on September 12, 2016 for 1.8 hours,

- Calendaring Doc. 43 deadlines for 0.1 hours, and

- Preparing filed and working on deposition exhibits on September 28, 2016 for 2.4 hours.

(Doc. 50-2 at 2-4). Because these entries are block entries that include both tasks that are considered clerical and tasks that are considered legal and the Court cannot separate the clerical and legal work, they will be excluded from Plaintiff's award of reasonable attorney's fees. The

amount of hours for Plaintiff's award of paralegal fees is reduced to 7 hours. Therefore, the total award for paralegal fees is $595.00.

### III. Plaintiff's costs will be reduced to allowable costs.

Defendant does not object to Plaintiff's assessment of her court filing and service costs of filing her complaint and returning summonses on the defendants, nor the fax fee of $5.00 of the confidential settlement letter sent to Judge William P. Lynch. The total amount of $525.00 for these costs will therefore be granted. Defendant objects to the photocopy costs and deposition costs, which will each be taken in turn.

#### A. Plaintiff's Photocopy Costs

Defendant objects to Plaintiff's application for photocopy costs for two reasons: (1) Plaintiff's number of copies for deposition exhibits is unreasonable; and (2) Plaintiff's calculation of the cost of $0.20 per page is not reasonable.

Defendant includes the Affidavit of Stephen Siegrist to support its claim that Plaintiff miscalculated the pages of exhibits listed in her costs. The affidavit, however, does not specify how many exhibits were in Ms. Martinez's deposition, and no exhibits from her deposition are accounted for in Defendant's calculation in its objections. (Doc. 51-1 at ¶ 16). In addition, there is an inconsistency between Defendant's objections and Mr. Siegrist's affidavit as to the number of exhibits in Tom Raught's deposition. *Compare* Doc. 51 at 2 (stating that there were 44 pages of exhibits to the deposition of Tom Raught) *with* Doc. 51-1 at ¶ 7 (stating that there were 45 pages of exhibits to the deposition of Tom Raught). Given these inconsistencies in Defendant's calculations and that Defendant merely presumes in its calculation that only three copies were made for each deposition exhibit, the Court will adopt Plaintiff's calculation of 256 photocopies of exhibits for the depositions.

Defendant also disputes Plaintiff's assessment of copying costs being reasonably priced at $0.20 per page. Plaintiff, however, has not submitted any authority supporting the calculation of $0.20 per page. The Court, nevertheless, will allow $0.10 per page as a reasonable fee because Defendant does not object to this amount. Therefore, the Court will approve a total copy cost of $52.90.[2]

### B. Plaintiff's Depositions Costs

Defendant objects that none of Plaintiff's deposition transcript costs should be included in Plaintiff's assessment of costs pursuant to D.N.M. LR-CIV 54.2(b). Under Rule 54.2(b)(1), "[t]he reporter's charge for the original or a copy of a deposition transcript is taxable when the deposition is reasonably necessary to the litigation." Under Rule 54.2(b)(2)(A) through (C), a deposition is reasonably necessary to the litigation when: (A) a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes; (B) the deposition is used by the Court in ruling on a motion for summary judgment; or (C) the Court so determines.

28 U.S.C. § 1920(2) also allows the court to tax "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Whether a deposition has been necessarily obtained is a question of fact to be determined by the Court. *Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998) (while the court in *Callicrate* dealt with "just costs" under 28 U.S.C. § 1919 for dismissal for lack of jurisdiction, where costs are not presumed to be awarded as they are under Section 1920 at issue here or Fed. R. Civ. P. 54(d), the Court also noted that the standards applied under Section 1920 are helpful and would presumably

---

[2] Defendant correctly notes that Plaintiff's amount for copying is $0.23 cents per page. It is unclear whether Plaintiff's counsel included gross receipts tax when calculating costs; however, even calculating the current gross receipts tax into Plaintiff's rate at $0.20 per page for photocopies, which Plaintiff does not account for in his other calculations, the total amount would be $113.74, not $121.67.

be helpful vice versa). While the "most direct evidence of 'necessity' is the actual use of the materials obtained by counsel or by the court," the Court may find necessity and award costs even if the materials are not used at trial. *Id.* (internal quotations omitted). "As long as the taking of the deposition appeared to be reasonably necessary at the time it was taken, barring other appropriate reasons for denial, the taxing of such costs should be approved." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1249 (10th Cir. 2002) (citing *Callicrate*, 139 F.3d at 1340 ("We have recognized that it is ordinarily best to judge reasonable necessity under § 1920 in light of the facts known to the parties at the time the expenses were incurred . . . .") (internal citations omitted)).

In *Furr v. AT&T Technologies, Inc.*, the Tenth Circuit noted that if a court's reasons for denying an award of costs were "simply a general policy to disallow reporter costs of all depositions not marked as exhibits, whether or not they are 'published' and used at trial, then refusal to tax the costs of the depositions is an abuse of discretion." 824 F.2d 1537, 1551 (10th Cir. 1987). Although the Tenth Circuit noted that "depositions taken *solely* for discovery are not taxable as costs,…[a] deposition is not obtained unnecessarily even if 'not strictly essential to the court's resolution of the case.'" *Id.* at 1550 (emphasis added) (citing Bartell, *Taxation of Costs and Awards of Expenses in Federal Court*, 101 F.R.D. 553, 569 (1984)).

Here, Plaintiff is seeking the costs for the depositions of "Pacheco, Raught, Mitchell, Marquez, and Martinez." (Doc. 50-1 at 1). Although Plaintiff is unclear as to whom these parties are in relation to her case, Defendant attached the Affidavit of Stephen Seigrist, Defense counsel's paralegal, which provides the names and dates of the depositions taken. *See* Doc. 51-1. Mr. Siegrist attests that Matthew Marquez's deposition was taken on September 13, 2016. *Id.* at ¶¶ 3-4. Thomas Raught's deposition was also taken on September 13, 2016. *Id.* at ¶¶ 6-7. David

9

Mitchell's deposition was taken on October 3, 2016. *Id.* at ¶¶ 9-10. Chris Pacheco's deposition was taken on October 3, 2016. *Id.* at ¶¶ 12-13. Finally, PeggyLee Martinez's deposition was taken on October 4, 2016. *Id.* at ¶¶ 15-16. Neither Matthew Marquez nor David Mitchell is a named party. Upon reviewing Plaintiff's Complaint, neither Matthew Marquez nor David Mitchell appears in her allegations and therefore there is no evidence that these depositions were necessary. Without further information that Plaintiff does not provide in her Reply, it is unclear whether Mr. Marquez's or Mr. Mitchell's deposition testimony would be utilized in a summary judgment motion and/or at trial. Therefore, the costs of Mr. Marquez's and Mr. Mitchell's deposition transcripts will not be included in Ms. Martinez's assessment of costs. Thomas Raught and Chris Pacheco, however, are named defendants in this case, and their deposition transcripts would likely be used in a summary judgment motion and/or at trial. Therefore, Mr. Raught's and Mr. Pacheco's deposition transcript cost will be included in the award of Ms. Martinez's costs. PeggyLee Martinez is the plaintiff in this case, and undoubtedly her deposition would have been utilized in summary judgment briefing and/or at trial. Therefore, her deposition transcript will also be included in Plaintiff's award of costs.

## CONCLUSION

Plaintiff's application for attorney's fees is reasonable and is therefore accepted for the total amount of $33,540.00. Her paralegal fees include fees that are clerical or secretarial in nature, and will therefore be reduced to $595.00. Plaintiff's rate of $0.20 per page for photocopying costs is not reasonable, and will be reduced to $0.10 per page for a total of $52.90. Plaintiff may recover the costs for the depositions of PeggyLee Martinez, Thomas Raught, and Chris Pachecho, but not for the depositions of Matthew Marquez or David Mitchell.[3]

---

[3] Plaintiff does not itemize each deposition transcript cost in her cost bill. The Court directs the Defendant to pay the amount for the deposition transcripts found to be allowable costs herein.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Costs and Application for Attorney's Fees (Doc. 50) is GRANTED in part and DENIED in part as described herein.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE